994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Roland E. GRIFFIN, Appellant,
v.
Candide C. COOPER; Catherine Polete; Gregory A. Hug;
Frank Celeberto; Becky Ballard; Joseph Crump; Dwayne Gale;
Wayne Malugen; Mal Gum; Stephen J. Richards; Washington
County, Missouri; City of Potosi, Appellees.
 No. 92-2175.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 19, 1993.
Filed: May 25, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roland E. Griffin appeals from the District Court's[1] disposition of his 42 U.S.C. § 1983 (1988) action which was tried before a jury. We affirm.
 
 
 2
 Griffin claimed below that defendants-a state prosecutor, three Missouri Highway Patrol officers, and four Potosi police officers-violated his constitutional and civil rights when they searched his apartment and arrested him pursuant to an allegedly illegal search warrant. Griffin alleged that the prosecutor had signed a state court judge's name on the warrant and that the officers knew of this act. Griffin also named Washington County and the City of Potosi as defendants.
 
 
 3
 Shortly before trial, the District Court granted summary judgment for the County and the City because there was no evidence that the prosecutor had acted as a final policy-maker for the County or that the City had failed to properly train or supervise its officers. At trial, the evidence presented in the case-in-chief showed that the judge had authorized the prosecutor by telephone to sign the warrant on his behalf, and that only one of the highway patrol officers and one of the police officers had any knowledge of the circumstances surrounding the signing of the warrant. At the close of Griffin's case, the District Court granted judgment as a matter of law to all of the other officers on the basis of qualified immunity. The jury found in favor of the remaining three defendants. The District Court denied Griffin's motions for a new trial and for judgment notwithstanding the verdict (j.n.o.v.).
 
 
 4
 We conclude that the District Court properly denied Griffin's motions for j.n.o.v. and for a new trial. See Ryko Mfg. Co. v. Eden Servs., 823 F.2d 1215, 1221-22 (8th Cir. 1987) (denial of new trial motion reviewed for abuse of discretion), cert. denied, 484 U.S. 1026 (1988); Smith v. Updegraff, 744 F.2d 1354, 1366 (8th Cir. 1984) (jury verdict may be overturned only where evidence points all one way and is susceptible of no reasonable inferences sustaining position of nonmoving party). We also conclude that the District Court correctly granted judgment as a matter of law to the two highway patrol officers and the three police officers. See City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 651 (8th Cir. 1989) (applying same standard used in deciding j.n.o.v. motion). Finally, we conclude that the District Court properly granted summary judgment for the City and the County. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (summary judgment proper where evidence insufficient for jury to return verdict for nonmoving party).
 
 
 5
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri